UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK, | Case No. 2:25-cv-02607-DAD-CSK (PS) |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| KAISER PERMANENTE, ET AL., | (ECF Nos. 17, 22) |
| Defendant. | |

Pending before the Court is Defendants Kaiser Permanente and California Department of Social Services' motions to dismiss the First Amended Complaint ("FAC").[1] (ECF Nos. 17, 22.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motions upon the record and briefs on file and vacated the January 13, 2026 hearing.

For the reasons that follow, the Court RECOMMENDS dismissing the First Amended Complaint without leave to amend, and denying the motions to dismiss the FAC as moot.

/ / /

/ / /

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I.    BACKGROUND

### A.    Factual Allegations[2]

Plaintiff's FAC is indiscernible. The FAC states various claims against individuals not named as parties to this action that appear fantastical and fails to state a cogent narrative. *See, e.g.,* FAC at 6 (ECF No. 15) ("Euthanizing procedures are to be disclosed onto Minnesota family heirs by full report for concealment from communication while in possession of property assets with DFAS pension deposits forged into beneficiaries pre-claiming death benefits with conspirators or not...").

### B.    Procedural Posture

On September 9, 2025, Plaintiff commenced this action by filing a Complaint against California Department of Social Services ("CDSS") and Kaiser Permanente. (ECF No. 1.) On October 6, 2025, Kaiser Foundation Hospitals[3] filed a motion to dismiss, with a hearing noticed for November 17, 2025. (ECF No. 8.) Defendant CDSS filed a motion to dismiss the Complaint on October 7, 2025, and later an amended motion to dismiss with a hearing noticed for November 25, 2025. (ECF No. 10.)

On October 17, 2025, Plaintiff filed a FAC that was docketed against all Defendants but only named Defendant Kaiser Permanente. (ECF No. 15.) On October 31, 2025, Defendant CDSS filed a motion to dismiss the FAC, with a hearing noticed for December 9, 2025. (ECF No. 17.) On November 25, 2025, the Court vacated the December 9, 2025 hearing after Plaintiff did not file an opposition or statement of nonopposition within the required period. (ECF No. 21.) Plaintiff was directed to file a statement of opposition or nonopposition no later than December 8, 2025. *Id*. On

---

[2] These facts primarily derive from the First Amended Complaint (ECF No. 15), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

[3] Kaiser Foundation Hospitals is not a party to this action but has filed a motion to dismiss on behalf of "Kaiser Permanente," alleging that Plaintiff failed to name and serve a legal entity. *See generally* Kaiser Mot. (ECF No. 22-1).

December 5, 2025, Kaiser Foundation Hospitals filed a motion to dismiss the FAC with a hearing noticed for January 13, 2026. (ECF No. 22.) On December 23, 2026, the Court vacated the January 13, 2026 hearing after Plaintiff failed to file an opposition or statement of nonopposition. (ECF No. 23.) Plaintiff was given until January 6, 2026, to file an opposition or statement of nonopposition to Kaiser's motion to dismiss. *Id*. On January 6, 2026, Plaintiff filed an opposition. (ECF No. 24.) On January 20, 2026, Kaiser Foundation Hospitals filed a reply. (ECF No. 25.)

On April 7, 2026, the Court provided Plaintiff with notice of the Court's intention to sua sponte dismiss Plaintiff's claims without leave to amend for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and provided Plaintiff with the opportunity to respond. (ECF No. 27.) On April 20, 2026, Plaintiff filed a response to the Court's minute order. (ECF No. 28.) Briefing is now complete.

## II.    LEGAL STANDARDS

### A.    Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B.    Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal

3

theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

III.    **DISCUSSION**

Plaintiff fails to state a claim upon which relief could be granted. There are no allegations in the Complaint raised against Defendants CDSS and Kaiser Permanente. *See generally* FAC. The FAC generally refers to individuals not named as parties to this action, does not provide a cogent narrative, nor does it identify discernable causes of action. *See id*. Dismissal without leave to amend is proper where amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

A court may dismiss a claim sua sponte under Federal Rule of Civil Procedure 12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). A sua sponte dismissal for failure to state a claim requires the court to "give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion[.]" *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981) (internal quotation marks and citation omitted). On April 7, 2026, the Court provided Plaintiff with notice of the Court's intention to sua sponte dismiss Defendant Kaiser Permanente from this action for failure to state a claim and provided Plaintiff fourteen days to file an opposition. (ECF No. 27.) On April 20, 2026, Plaintiff filed an unsigned response. *See* (ECF No. 28.) Despite Plaintiff submitting an unsigned response, the Court has considered Plaintiff's response, which generally states that he

4

has pleaded sufficient allegations against all Defendants. *See generally id*. The Court finds sua sponte dismissal of Plaintiff's claims is appropriate here. *See Omar*, 813 F.2d at 991; *Silverton v. Dep't of Treasury of U.S.A.*, 644 F.2d 1341, 1345 (9th Cir. 1981).

Defendants CDSS and Kaiser Permanente have filed motions to dismiss the FAC. (ECF Nos. 17, 22.) Defendant CDSS argues it was not named as a party to the action in the FAC, that Plaintiff's claims are barred by sovereign immunity, and that Plaintiff failed to state a claim. *See generally* CDSS Mot. (ECF No. 17). Upon review of the FAC, however, it is unclear whether Defendant CDSS is a party to this action where it is not identified as a named defendant and claims are not raised against CDSS, but it is still referenced several times in the FAC. *See* FAC at 2-3. The Court need not reach CDSS's motion to dismiss where it is unclear whether CDSS is even still a party to this action and because the Court recommends dismissing the FAC without leave to amend for failure to state a claim. Therefore, CDSS's motion should be denied as moot.

Defendant Kaiser Permanente's motion to dismiss argues that there is no personal jurisdiction because it is not a corporate entity and Plaintiff improperly served process. *See generally* Kaiser Mot. (ECF No. 22). Because the Court recommends dismissing the FAC without leave to amend for failure to state a claim, it need not reach Kaiser's motion to dismiss, which should be denied as moot.

## IV.    CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1.    The FAC (ECF No. 15) be DISMISSED without leave to amend.

2.    Defendant CDSS's motion to dismiss (ECF No. 17) be DENIED as moot.

3.    Defendant Kaiser Permanente's motion to dismiss (ECF No. 22) be DENIED as moot.

4.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file

5

written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, selk.2607.25.mtd

6